**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

UNITED STATES OF AMERICA,

v.

AMIN SHARIF.

Criminal Action No. 23-630 (MAS)

**MEMORANDUM ORDER**

This matter comes before the Court upon defense counsel's correspondence requesting that Amin Sharif ("Sharif") be granted additional time in the Essex County Jail ("ECJ") library to review discovery provided by the Government on March 4, 2024 and produced via USB on May 16, 2024, which is "in excess of 25,000 pages." (Def.'s Correspondence, ECF No. 70.)

Specifically, defense counsel asserts that Sharif is only given one day of library access per week at ECJ library to review the information with a computer, which is not enough time to "meaningful[ly] review . . . the material prior to the start of trial on July 15, 2024." (*Id.*) Accordingly, defense counsel requests that Sharif be granted "additional library time starting at 8:00 a.m. each day until closing of the library at approximately 4:00 p.m., each day the library is open, six (6) days a week, Monday through Saturday." (*Id.*) Defense counsel states that this "would give [Sharif] less than eight (8) hours a day, allowing time for meals, and weekly access of approximately thirty[-]six (36) hours." (*Id.*)

Federal Rule of Criminal Procedure 16(d)(1) "allows a court to, 'for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief.'" *United States v. Maury*, 695 F.3d 227, 249 (3d Cir. 2012) (quoting Fed. R. Crim. P. 16(d)(1)). Certainly,

> [p]risoners have a constitutional right of access to the Courts. *See, e.g.*, *Lewis v. Casey*, 518 U.S. 343, 346-47 (1996). Generally, this

> right requires that prisoners be provided with some access to law library facilities in prison. *Id.* That right, however, does not extend so far as to provide a prison inmate with an unfettered right of access to prison law libraries. *Id.* at 347-50. *It is therefore not the role of this Court to fashion rules and regulations governing how a particular prison provides inmates with access to law libraries sufficient to provide them with meaningful access to the courts. Id.* Nevertheless, it is within the authority of this Court to enter orders requesting that prison institutions provide a prisoner litigant with the maximum amount of library time which is consistent with the library policies already put into place by the prison. *See, e.g., Dubois v. Abode*, No. 04-1314, 2007 WL 1652256, at *1 (D.N.J. June 7, 2007).

*Dykeman v. Brown*, No. 16-3274, 2019 WL 4942215, at *3 (D.N.J. Oct. 8, 2019) (emphasis added) (noting that the Court previously granted "[plaintiff]'s motion for increased library time . . . to the [maximum] extent consistent with the policies of the prison and the New Jersey Department of Corrections [("NJDOC")].").

The Court further notes that "[t]he Constitution affords prison administrators significant discretion regarding prison regulation and administration." *Ivy v. Wetzal*, No. 20-265, 2021 WL 4479721, at *10 (W.D. Pa. Sept. 30, 2021) (citing *Jones v. N.C. Prisoners' Labor Union, Inc.*, 433 U.S. 119, 126 (1977)); *Jones*, 433 U.S. at 126 ("Because the realities of running a penal institution are complex and difficult, we have also recognized the wide-ranging deference to be accorded the decisions of prison administrators."). This is because such institutions have a verified "interest in institutional order and management of resources by balancing an individual inmate's need for additional law library time with the ability of all inmates to use the law library." *Ivy*, 2021 WL 4479721, at *10.

Accordingly,

**IT IS** on this 6th day of June 2024, **ORDERED** as follows:

1. Defense counsel's request for increased library time is **GRANTED** to the maximum extent possible, consistent with the policies of ECJ and NJDOC. Sharif is directed to abide by the ECJ and NJDOC's policies.[1]

2. The parties shall adhere to the deadlines in the Amended Trial Scheduling Order (ECF No. 65).

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[1] It may be the case that, based on ECJ's internal policies, defense counsel's specific request for an additional thirty-six (36) hours is logistically difficult for ECJ to handle and another alternative may be required. (For example, ECJ preliminarily indicated to the Marshall's Office that it *may* be able to accommodate Sharif with an additional two (2) hours a day for ten (10) days in the video court area where Sharif can review his discovery with a computer. This equates to twenty (20) hours in addition to Sharif's regular library access for the next ten (10) days.) The Court, without delving into the details or fashioning rules and regulations for the prison, directs defense counsel to confer with ECJ and NJDOC to arrange additional library time.