UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>AMIN SHARIF. | Criminal Action No. 23-630 (MAS)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court upon Defendant Amin Sharif's ("Defendant") request to dismiss Counts One, Four, and Five of the Revised Indictment. (ECF No. 87.) The United States of America (the "Government") opposed (ECF No. 88) and Defendant replied (ECF No. 89). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1, which is applicable to criminal cases under Local Civil Rule 1.1. For the reasons set forth herein, Defendant's request is denied.

**I.    BACKGROUND**

On August 4, 2023, Defendant was indicted in the District of New Jersey by a grand jury for the following Counts: (1) Attempted Transportation of a Victim to Engage in Prostitution in violation of 18 U.S.C. §§ 2421, 2426; (2) Sex Trafficking of a Minor in violation of 18 U.S.C. § 1591(a)(1), (b)(2); (3) Use of an Interstate Facility to Promote Unlawful Activity in violation of 18 U.S.C. § 1952(a)(3)(A); (4) Transporting a Victim with Intent to Engage in Prostitution in violation of 18 U.S.C. §§ 2421, 2426; and (5) Persuading a Victim to Travel to Engage in Prostitution in violation of 18 U.S.C. §§ 2422(a), 2426. (Indictment, ECF No. 35.)

In anticipation of trial, Defendant filed an omnibus motion that requested various forms of relief, including dismissal of the indictment. (*See* Def.'s Notice of Omnibus Mot., ECF No. 50.)[1] On July 2, 2024, in a sealed Memorandum Opinion, the Court granted in part and denied in part Defendant's omnibus motion. (Omnibus Order, ECF No. 80; Mem. Op., ECF No. 81.) With respect to Defendant's motion to dismiss the indictment, the Court found that "the portions of the [i]ndictment charging Defendant with transporting, attempting to transport, or persuading a victim to travel to engage in 'any sexual activity for which any person can be charged with a criminal offense'" failed to provide Defendant notice of the charges against him. (Mem. Op. 7.) The Court, accordingly, granted Defendant's motion as to the insufficient portions of the indictment. (*Id.*) On the same day, the Government e-filed correspondence and attached a proposed revised indictment that omitted references to "any sexual activity." (Gov't's July 2 Letter, ECF No. 82). On July 8, 2024, this Court directed the Clerk of Court to file the proposed revised indictment (July 8 Order, ECF No. 84), which the Clerk of Court filed on July 9, 2024 (Revised Indictment, ECF No. 86). Approximately seven hours later, Defendant e-filed correspondence requesting that the Court dismiss Counts One, Four, and Five "in their entirety" based on the Court's order granting in part its motion to dismiss and because "Defendant did not motion the Court to strike surplusage pursuant to [Federal] Rule [of Criminal Procedure] 7(d)."[2] (Def.'s July 9 Letter, ECF No. 87.) The Court now considers Defendant's request.

---

[1] Defendant did not e-file his omnibus motion on the docket; instead, Defendant directly submitted his omnibus motion to the Court because it included sensitive information. In order to ensure a full record, the Court will direct the Clerk of Court to file the omnibus motion under seal.

[2] Hereinafter, all references to "Rule" or "Rules" refer to the Federal Rules of Criminal Procedure.

## II. DISCUSSION

Defendant's request is unsupported by citations to analogous case law and Defendant's reasoning is unpersuasive. Although a summary denial would be appropriate, the Court nevertheless will provide its reasoning below.

### A. The Court Properly Dismissed Portions of the Indictment

Defendant fails to demonstrate that partial dismissal of the indictment is inappropriate. Defendant's omnibus motion "[s]pecifically . . . request[ed] that the Court: 1. Dismiss the Indictment for its failure to state an offense/lacks specificity or in the alternative, direct the Government to file a Bill of Particulars." (Def.'s Notice of Pretrial Mots. 1, ECF No. 50.) This request, by its very language, asked for varied/alternative relief.

Now, in reasserting his request for a full dismissal of the indictment, Defendant appears to argue that the Court was required to dismiss the indictment *in full* or direct the Government to file a Bill of Particulars, as Defendant requested. (*See* Def.'s July 9 Letter 1 ("Counts One, Four, and Five must be deleted in their entirety. . . .").) This reasoning defies common sense and the verbiage of Defendant's own request. Here, Defendant requested dismissal of the indictment for "failure to state an offense/lacks specificity." (Def.'s Notice of Pretrial Mots. 1.) The Court subsequently dismissed the portions of the indictment that lacked specificity. (*See* Mem. Op. 6-7.) As such, Defendant's assertion that this Court improperly, and *sua sponte*, operated to strike nonspecific language from the indictment is patently incorrect; Defendant put this issue of specificity and excess directly before the Court, and the Court dismissed nonspecific language from the indictment. Critically, Defendant cites no case law for the proposition that the Court is prohibited from dismissing nonspecific language in this manner. Defendant therefore has failed to

persuasively contend that this Court's sealed Memorandum Opinion and Order were in any way deficient.[3] (Mem. Op. 7; Omnibus Order; Def.'s July 9 Letter.)[4]

### B. Defendant's Argument Also Fails Under a "Striking Surplusage" Analysis

Even if the Court credits Defendant's flawed premise that the Court's partial dismissal instead operated as "striking surplusage," Defendant's argument is meritless. Rule 7(d) states that "[u]pon the *defendant's motion*, the court may strike surplusage from the indictment or information." Fed. R. Crim. P. 7(d) (emphasis added). Notably, the plain text of the rule does not provide that a Court may *only* strike surplusage on a defendant's motion *to strike*, and Defendant again cites no case law to support such an interpretation. (*See generally* Def.'s July 9 Letter.) Instead, here, the Court rendered a decision upon Defendant's motion to dismiss and granted partial relief by way of dismissing, or utilizing Defendant's preferred terminology, "striking," certain language in the indictment. (*See* Mem. Op. 4-11; Def.'s Notice of Pretrial Mots. 1.) Thus, to the extent the Court struck language in the indictment, it did so only upon Defendant's motion, in accordance with the requirements of Rule 7(d).

### C. The Court's Order Did Not Impermissibly Broaden or Change the Nature of the Indictment

To the extent Defendant argues that the Court's Order constitutes an impermissible amendment to the indictment, that argument also fails. "Modern criminal law has generally accepted that an indictment will support each offense contained within it." *United States v. Miller*,

---

[3] If courts followed Defendant's line of reasoning, defendants could carefully craft pleadings then cry foul, even after receiving partially favorable rulings. This approach elevates form over substance and is inconsistent with a pragmatic interpretation of the rules.

[4] While the Court could have been clearer as to its intent when directing the Government to file a "superseding indictment" (Omnibus Order ¶ 2), any ambiguity created by the Court's language was resolved upon this Court's order informing the parties that the Government correctly interpreted the order and directing the Clerk of Court to file the Government's proposed revised indictment (*see generally* July 8 Order).

471 U.S. 130, 144 (1985). Guided by this principle, the Supreme Court has found that "where an indictment charges several offenses, or the commission of one offense in several ways, the withdrawal from the jury's consideration of one offense or one alleged method of committing it does not constitute a forbidden amendment of the indictment." *Id.* at 145 (quoting *United States v. Ballard*, 322 U.S. 78, 91 (1944) (Stone, C.J., dissenting)). Simply put, a district court may narrow an indictment by striking language which "is surplusage and [where] nothing is thereby *added* to the indictment." *United States v. Burnett*, 582 F.2d 436, 438 (8th Cir. 1976) (emphasis added) (internal citations omitted); *see also Miller*, 471 U.S. at 145 (finding the defendant's right to be tried only on offenses found by a grand jury was not violated where "[t]he variance complained of added nothing new to the grand jury's indictment and constituted no broadening."); *United States v. Glassman*, 562 F.2d 954, 957 (5th Cir. 1977) (finding the general rule that "an indictment may not be amended except by resubmission to the grand jury unless the change is merely a matter of form" does not restrict a court from deleting surplusage from an indictment). This is especially true where: "[(1)] the remaining allegations state an offense[;] . . . [(2)] the elimination [of certain surplusage] limits the charge of the indictment"; and (3) there is no prejudice to the defendant. *Burnett*, 582 F.2d at 438.

Here, this Court's Order, by foreclosing the Government's ability to pursue a theory that Defendant transported, attempted to transport, or persuaded a victim to engage in "any sexual activity," plainly narrows the charge, rather than broadens it. Furthermore, Defendant does not raise any prejudice he faced as a result of the Court's Order narrowing the charges brought against him. (*See generally* Def.'s July 9 Letter.) To the contrary, the Court's Order is consistent with the parties' joint proposed verdict sheet and neutral statement of the case wherein Defendant *agreed* and represented to the Court that language related to the "any sexual activity" prong of the

5

applicable statutes should be omitted from trial. (Verdict Sheet and Neutral Statement, E-mail from Melo Farhana, USAO, to James Balfour, Courtroom Deputy to the Hon. Michael A. Shipp, U.S.D.J., D.N.J. (July 1, 2024, 17:35 EST) (on file with D.N.J.).) For these reasons, the Revised Indictment was not an impermissible amendment of the indictment.

> **D.    The Court's Order is Consistent with General Constitutional Law Principles and Relevant Law**

As a parting and critical thought, even a cursory consideration of the purposes of criminal indictments undercuts Defendant's argument, as omitting the "any sexual activity" language from the indictment pre-trial is self-evidently more benign than doing so during trial. *See, e.g.*, *Salinger v. United States*, 272 U.S. 542, 548 (1926) (finding that "withdrawing from the jury a part of the charge as without support in the evidence" at trial was not an amendment of the indictment, "either actually or in legal effect."). One of the core functions of an indictment, consistent with the Sixth Amendment, is to "sufficiently apprise[] the defendant of what he must be prepared to meet" so that he has notice of the charges against him. *United States v. Rankin*, 870 F.2d 109, 112 (3d Cir. 1989) (quoting *Russell v. United States,* 369 U.S. 749, 763-64 (1962)); *see also Hamling v. United States*, 418 U.S. 87, 117 (1974) (stating that an indictment serves to "fairly inform[] a defendant of the charge against which he must defend.").

Here, there is simply no question that this constitutional law principal is better adhered to if the Court can offer Defendant earlier notice of the charges against him than he otherwise would receive if the "any sexual activity" language was dismissed at trial. In fact, this Court is not the first to narrow language in an indictment pre-trial after it finds that the indictment inadequately alleges certain elements of a charge that are not necessary to sustain a conviction if proven. *See, e.g., United States v. Thompson*, 141 F. Supp. 3d 188, 197 (E.D.N.Y. 2015), *aff'd*, 896 F.3d 155 (2d Cir. 2018), *cert. denied*, 139 S. Ct. 2715 (2019) (dismissing portions of counts in an indictment

6

that refer to "any sexual activity for which a person could be charged with a criminal offense" while finding portions of the same counts referring to prostitution sufficient). In sum, elementary constitutional law principles, the purposes of an indictment, and relevant case law strongly cut against Defendant's argument that this Court acted impermissibly in narrowing the indictment upon Defendant's motion.

### III.   CONCLUSION

The Court finds the instant request wholly without merit. Defendant filed this request on the eve of his trial. Defendant's arguments essentially ask this Court to put form over substance by dismissing three counts in a five-count indictment based on an interpretation of Rule 7(d) that Defendant does not support with any authority (*see generally* Def.'s July 9 Letter), and an interpretation of this Court's order that has already been clarified (*see generally* July 8 Order). The Court rejects Defendant's arguments in full and, accordingly, denies Defendant's request.

### IV.   ORDER

For the reasons discussed above, the Court denies Defendant's request. The Clerk of Court is directed to file Defendant's omnibus motion under seal.

Dated: 7/11/2024

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

7