UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>AMIN SHARIF. | Criminal Action No. 23-630 (MAS)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court on defense counsel's renewed request for an adjournment of jury selection and trial due to one of defense counsel's sudden illness.

## I. BACKGROUND

On July 11, 2024, defense counsel submitted and e-filed correspondence requesting that the Court adjourn trial due to one of defense counsel's sudden illness. (ECF No. 90.) The next day, the Court held a telephone conference with the parties regarding defense counsel's request. (ECF No. 95.) On the record and through an Order thereafter, the Court denied defense counsel's request based on the following reasons:

> (1) the trial is in three days; (2) the Government's witnesses are traveling from out of state into this District; (3) defense counsel has competent co-counsel present in this case; (4) the Court has limited availability to adjourn trial due to other matters and hearings already scheduled on its calendar; and (5) the Court has granted other adjournment and extension requests in this trial.

(July 12, 2024 Order 1-2, ECF No. 96 (footnotes removed).) The Court directed that jury selection commence on July 15, 2024 as scheduled, but noted that it was open to delaying the start of trial if on July 15, 2024 defense counsel was still unfit to proceed. (*Id.* at 2; *see also* ECF No. 95.)

On the morning of July 15, 2024, immediately prior to the commencement of jury selection, defense counsel renewed her request to adjourn both jury selection and trial. Specifically, defense counsel stated that it would be "unfair to proceed."

## II.  DISCUSSION

"The matter of continuance is traditionally within the discretion of the trial judge, and it is not every denial of a request for more time that violates due process." *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964). As previously noted in its July 12, 2024 Order, "[t]rial judges necessarily require a great deal of latitude in scheduling trials. Not the least of their problems is that of assembling the witnesses, lawyers, and jurors at the same place at the same time, and this burden counsels against continuances except for compelling reasons." *Morris v. Slappy*, 461 U.S. 1, 11-12 (1983) ("Consequently, broad discretion must be granted [to] trial courts on matters of continuances; only an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay' violates the right to the assistance of counsel." (citing *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964))).

As an initial matter, the Court notes that the Third Circuit has affirmed convictions of defendants in cases where greater hardship existed for a defendant than that which exists here, i.e., where there is co-counsel but lead counsel cannot be present for *voir dire* because she is sick. *See, e.g., United States v. Savage*, 970 F.3d 217, 246-48 (3d Cir. 2020) (finding substitution of counsel four days prior to trial was not a constructive denial of the right to counsel where: (1) substitute counsel was experienced; (2) the court believed substitute counsel had ample time to prepare a defense; (3) substitute counsel "inherited *some* work product" from previous counsel; and (4) assistant counsel who had represented defendant for multiple years on the matter "remained on the team."); *United States ex rel. Tillery v. Cavell*, 294 F.2d 12, 22 (3d Cir. 1961) (finding defendant was not *per se* denied right to counsel when a substitute attorney was appointed on the

2

same day of trial). As such, defense counsel has failed to make a showing that the Court's decision to not adjourn trial constitutes a constructive denial of the right to counsel.

Moreover, the Court finds that several other compelling factors reaffirm the Court's decision not to adjourn this matter. While the Court recognizes that defense counsel's eve-of-trial illness was unexpected and unplanned, the following considerations further mitigate against a continuance.

### A. Defense Counsel Renewed Her Request Immediately Before the Commencement of Jury Selection

First, defense counsel orally renewed her request to adjourn both the jury selection and trial immediately before the commencement of jury selection, after all prospective jurors were already summoned and in the courthouse. In such cases, the Third Circuit has affirmed district courts that have allowed trial to commence. *See, e.g.*, *United States v. Leveto*, 540 F.3d 200, 210 (3d Cir. 2008) (finding that denial of motion to substitute counsel was justified when "the *venire*[] [was] in the courtroom at the time of the motion, and [was] prepared to commence trial."); *United States v. Pelker*, 821 F. App'x 93, 95 (3d Cir. 2020) (affirming denial of request for continuance on the morning of jury selection because it would "burden[] jurors, witnesses[,] and co-defendants."). The Court, accordingly, finds this consideration weighs heavily against granting defense counsel's renewed request.[1]

---

[1] To be sure, the Court had already found defense counsel's initial request (made three days before commencement of jury selection and trial) weighed against adjournment of trial. (July 12, 2024 Order.)

3

### B. Defendant is Represented by Co-Counsel who has Longstanding and Substantive Involvement in the Case

Second, Defendant Amin Sharif ("Defendant") is represented by competent co-counsel who has represented Defendant since August 2023, approximately seven months after lead counsel was appointed. (ECF Nos. 27, 38.) Moreover, as indicated by her Notice of Appearance, co-counsel was vetted by the Court's Criminal Justice Act Panel (*see* ECF No. 38) and has directly submitted papers in this case.[2] Further, co-counsel represented to the Court while orally renewing her adjournment request that she and lead counsel "split" review of the voluminous discovery in the case. Evidently, co-counsel has had significant involvement in the case.

Here, the presence of competent co-counsel strongly counsels against further delay and alleviates this Court's concern that Defendant's Sixth Amendment rights would be violated by denying adjournment. *See United States v. Merlino*, 349 F.3d 144, 149-150 (3d Cir. 2003) (noting that the defendant was not "left bereft of counsel" where lead attorney was disqualified and where the defendant was also represented by assistant counsel with long-term involvement in the case); *see also United States v. Burton*, 584 F.2d 485, 491 (D.C. Cir. 1978) (acknowledging that "whether the defendant has other competent counsel" is an important consideration in determining whether to delay trial); *United States v. Mardian*, 546 F.2d 973, 979 n.9 (D.C. Cir. 1976) (noting the "well established rule that a defendant's right to an attorney of his choice is 'not so absolute as to permit

---

[2] Co-counsel, for example, filed Defendant's omnibus motion and accompanying briefs seeking various forms of pre-trial relief. (Notice of Omnibus Mot., ECF No. 50; Def.'s Omnibus Mot. Reply, ECF No. 64.)

disruption of the fair and orderly administration of justice when another competent attorney is available to continue the defense.'").[3]

In sum, given the presence of co-counsel who has had ample involvement in the case for approximately eleven months, the Court finds this consideration also weighs heavily against granting defense counsel's renewed request.

C. **This Case Has Involved Numerous Continuances and Adjournments**

Third, the Court notes that it has granted numerous continuances in this matter. (ECF Nos. 8, 9, 10, 12, 14, 19, 31, 42, 63.) The Court has also granted other adjournment and extension requests leading up to trial.[4] (*See, e.g.*, ECF No. 56, 61, 74.) "The efficient administration of criminal justice," therefore, carries significant weight in denying defense counsel's renewed request. *United States v. Bittenbender*, 359 F. App'x 298, 299 (3d Cir. 2009) (*quoting United States v. Fisher*, 10 F.3d 115, 117 (3d Cir. 1993) (denying defendant's request for a continuance where defendant previously received numerous continuances); *Fisher*, 10 F.3d at 118 (affirming denial of continuance where "granting the continuance would have impaired the efficient administration of justice" and "the district court had already granted numerous continuances.").

D. **Granting of the Renewed Request Would Heavily Burden the Government's Witnesses**

Fourth, the Government's witnesses are traveling from out of state into this District and many have already arrived in this District. The inconvenience and disruption to the lives of these

---

[3] To the extent co-counsel asserts that Defendant expected lead counsel to be present for trial, the Court reiterates that "[a]n application for a continuance is addressed to the sound discretion of the trial judge even when a denial has the effect of depriving a defendant of counsel of his choice." *Paullet v. Howard*, 634 F.2d 117, 119 (3d Cir. 1980) (citing *United States ex rel. Carey v. Rundle*, 409 F.2d 1210, 1216 (3d Cir. 1969), *cert. denied*, 397 U.S. 946 (1970)). (*See also* July 12, 2024 Order 2.)

[4] The Court notes that some of these extension requests are not reflected on the docket. For example, defense counsel's exhibit list was due on July 8, 2024. (Sec. Am. Scheduling Order, ECF No. 72.) The Court did not receive the exhibit list until July 10, 2024.

witnesses, some who are victims, further cuts against granting defense counsel's renewed request. *See, e.g., United States v. Delgado-Marrero*, 744 F.3d 167, 196 (1st Cir. 2014) (acknowledging inconvenience to witnesses as an important consideration in evaluating a request for a continuance); *United States v. Orr*, 692 F.3d 1079, 1100 (10th Cir. 2012) (same).

### E. Granting of the Renewed Request Would Heavily Burden the Court's Calendar and Other Matters

Fifth, the Court takes into consideration its own schedule and the administrative issues that would arise if the Court were to delay jury selection and trial. It is well established "that trial judges must have certain discretion over what we might call the exigencies of court administration. So[,] on occasion[,] a defendant's right to counsel of choice may be moderated by a trial court's schedule." *Randolph v. Sec'y Pa. Dep't of Corr.*, 5 F.4th 362, 374 (3d Cir. 2021); *see also United States v. Kikumura*, 947 F.2d 72, 78 (3d Cir. 1991) (stating that the district court should consider "the rights of other defendants awaiting trial who may be prejudiced by a continuance."); *United States v. Solina*, 733 F.2d 1208, 1211 (7th Cir. 1984) (finding that the district court was "not required to allow a last-minute change in counsel to disrupt its schedule" where defendant was represented by other competent counsel). The Court, therefore, finds this final consideration weighs against granting the renewed adjournment request.

### III. CONCLUSION

As stated above, case law allows this Court great discretion in deciding whether a continuance is appropriate. Here, relevant administrative considerations weigh heavily against granting defense counsel's renewed request to adjourn jury selection and trial. Accordingly, the Court denies defense counsel's renewed request to adjourn jury selection and trial. As a final courtesy to defense counsel, however, the Court will delay trial in the absence of lead counsel until July 17, 2024. On July 17, 2024, the Government shall present its case-in-chief.

IV. **ORDER**

Based on the aforementioned considerations and the reasons stated on the record,

**IT IS**, on this <u>15th</u> day of July 2024, **ORDERED** as follows:

1. Defense counsel's renewed request to adjourn jury selection and trial is **DENIED**.

2. Trial will commence on **July 17, 2024**.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**